

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

Inspection of the workplace
located at and near

Case No.  8:15 MJ 63

115 Hickory Street
Omaha, NE 68108

under the control or custody of

NEBRASKA RAILCAR SERVICES, INC.

## APPLICATION FOR ADMINISTRATIVE SEARCH WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Philip Pisasale, a duly authorized Compliance Officer of the Omaha Area Office, Occupational Safety and Health Administration, United States Department of Labor, hereinafter referred to as OSHA, hereby applies for an administrative search warrant, pursuant to section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-679, 657(a), hereinafter referred to as the Act, for the inspection, investigation and search of the workplace located at 115 Hickory Street, Omaha, NE 68108, and described as the workplace where Nebraska Railcar Services, Inc. is believed to be engaged in railcar cleaning.

1. This workplace is the place of occupation of employees who are employed by Nebraska Railcar Services, Inc.

2. The requested inspection is a follow-up to a previous inspection wherein Nebraska Railcar Services, Inc. was issued a citation for violations of the Act and its regulations promulgated pursuant thereto.

5CAM4001RLP

3. The authority for issuance of the Administrative Search Warrant is section 8(a) of the Act and Marshall v. Barlow's, Inc., 436 U.S. 307 (1978).

4. Sections 8(a)(1) and 8(a)(2) of the Act specifically authorize the Secretary of Labor to make inspections and investigations at any reasonable time, at any plant, factory, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer.

5. Sections 8(a)(1) and 8(a)(2) of the Act are implemented in part by OSHA's Field Operations Manual (FOM), CPL 02-00-150 (hereinafter CPL 02-00-150), Chapters 2, 3 and 7, attached hereto as Exhibit A incorporated herein. Chapter 3 of that manual provides that follow-up inspections shall be conducted as promptly as resources permit and shall take priority over all programmed inspections and any unprogrammed inspections with hazards evaluated as other than serious. Exhibit A, Chapter 3, p. 3-33, IX.A.

6. The primary purpose of a follow-up inspection is to determine if previously cited violations have been corrected. Exhibit A, Chapter 3, p. 3-33, IX.A.1. The citation issued after the previous inspection is attached hereto, made a part hereof, and marked as Exhibit B and incorporated by reference.

7. The citation marked as Exhibit B was issued to Nebraska Railcar Services, Inc. pursuant to the requirements of the Act. Nebraska Railcar Services, Inc. contested the violations alleged in the citation and subsequently the parties entered into a settlement agreement resolving the contested issues and affirming the citation items, which was entered by Administrative Law Judge Covette Rooney by Order dated June 27, 2014. July 28, 2014 was the final date for abatement of the violations.

8. A follow-up inspection was scheduled at Nebraska Railcar Services, Inc. because it is the policy of the Omaha Area Office to perform a follow up inspection on all fatality cases, significant cases (penalty over $100,000) and all cases involving over-exposure to chemicals or noise. Nebraska Railcar Services, Inc. was cited for employees' over-exposure to noise. See Exhibit B, Citation 1, Item 1.

9. On March 4, 2015, Compliance Officer Albert Alvarez requested entry into the workplace at the aforementioned location to conduct a follow-up inspection and to examine and verify Nebraska Railcar Services, Inc.'s injury and illness records and was denied permission to do so by the owner, Brian Braithwaite.

10. It is requested that the warrant authorize the inspection and investigation of the conditions alleged in the attached citation, marked as Exhibit B, and any conditions directly relating thereto, and an inspection of all relevant records, files and papers. The inspection and investigation will be conducted during regular working hours or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent, and the taking of photographs, environmental samples including the use of personal sampling equipment, and measurements when necessary. The compliance officer's credentials will be presented, and the inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

11. Any information, including photographs and environmental samples, obtained in connection with the inspection and which is designated to be a trade secret as defined in 18 U.S.C. § 1905, shall be considered confidential as provided in section 15 of the Act, 29 U.S.C. § 664.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on 3/23/2015.

Philip Pisasale
Compliance Officer
Occupational Safety and Health Administration
United States Department of Labor

Subscribed and sworn to before me in my presence on this __23__ day of March, 2015.

_____
F. A. Gossett III
United States Magistrate Judge



Deborah R. Gilg
United States Attorney

_____
LAURIE A. KELLY, MA Bar No. 557575
Assistant U.S. Attorney
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102
Telephone No. (402) 661-3700

OF COUNSEL:

M. Patricia Smith
Solicitor of Labor
Connecticut Bar #371708

Christine Z. Heri
Regional Solicitor
IL Bar #6204656

H. Alice Jacks
Associate Regional Solicitor
MO Bar #24482

Rachel L. Parsons  
Senior Trial Attorney  
KS Bar #13991  
MO Bar #36906  
Two Pershing Square Building  
2300 Main Street, Suite 1020  
Kansas City, MO 64108  
(816) 285-7260  
(816) 285-7287 (fax)  

Attorneys for Thomas E. Perez  
Secretary of Labor  
United States Department of Labor


COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

Inspection of the workplace
located at and near                    Case No. 8:15 MJ 63

115 Hickory Street
Omaha, NE 68108

under the control or custody of

NEBRASKA RAILCAR SERVICES, INC.

## ADMINISTRATIVE SEARCH WARRANT

TO:   Bonita Winingham
      Area Director
      Occupational Safety and Health Administration
      Omaha Area Office

Application having been made, and reasonable cause having been shown for the inspection of the workplace described as Nebraska Railcar Services, Inc. and located at 115 Hickory Street, Omaha, NE 68108.

IT IS HEREBY ORDERED that, pursuant to section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-679, YOU OR YOUR DULY DESIGNATED REPRESENTATIVES ARE AUTHORIZED to enter the above-described workplace during regular working hours or at other reasonable times, and to make an inspection and investigation of the following cited conditions, and any conditions directly relating thereto:

Referral          Hazardous Condition
Item

   1. Employer did not administer a continuing effective hearing conservation program as described in 29 C.F.R. 1910.95( c) through (o) whenever employee noise

exposures equal or exceed an 8-hour time-weighted average sound level of 85 decibels measured on the A scale, or equivalently a dose of fifty percent. Section of the Act and/or Standard Applicable: 29 C.F.R. 1910.95(c)(1).

Employees engaged in the following areas were exposed to noise which exceeded the action level: railcar cleaning, railcar estimating, scraping and concrete chipping, and ground help.

2. Employer did not implement a change schedule for respirators not equipped with an End of Service Life Indicator that would ensure cartridges were changed before the end of their service life. Section of the Act and/or Standard Applicable: 29 C.F.R. 1910.134(d)(3)(iii)(B)(2)

Respirator cartridges were not changed out on a schedule based on objective data such as actual contaminant exposure level(s). Respirator cartridges used on full face respirators during railcar tank cleaning operations were often replaced because of the appearance of the absorbed material.

3. Under the permit-required space program required by 29 C.F.R. 1920.146 (c)(4), employer did not evaluate permit space conditions when entry operations were conducted by testing or monitoring the permit space as necessary. Section of the Act and/or Standard Applicable: 29 C.F.R. 1910.146(d)(5)(ii).

Permit required space entrants did not monitor atmospheric conditions at appropriate intervals throughout the entry.

4. Employer who designated rescue and emergency services pursuant to paragraph (d)(9) of this section did not evaluate a prospective rescuer's ability to respond to a rescue summons in a timely manner considering the hazard(s) identified. Section of the Act and/or Standard Applicable: 29 C.F.R. 1910.146(k)(1)(i).

Employer did not evaluate the local rescue emergency services' ability, equipment/response time to effectively rescue employee(s) from the permit required confined space hazards of railcars entered for cleaning.

5. Each authorized entrant did not use a chest or full body harness, with a retrieval line attached at the center of the entrant's back near shoulder level, or above the entrant's head. Section of the Act and/or Standard Applicable: 29 C.F.R. 1910.146(k)(3)(i).

Employee(s) entering the permit required confined space(s) of railcar tanks did not remain attached to a retrieval line during cleaning and/or inspection activities.

Said inspection to include all relevant records (but excluding employee medical records), files and papers and all relevant work places or environments where work is performed by employees, and all pertinent conditions, and circumstances, structures, machines, apparatus, devices, equipment, materials, processes, controls, and facilities and all other things therein including videotaping, the taking of photographs, environmental samples including the use of personal sampling equipment, and measurements, relating to the alleged violations, and to question privately any employee or agent, bearing on whether employees are being furnished employment and place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to employees, and whether there is compliance with the occupational safety and health standards promulgated under the Act.

You are hereby directed not to disclose any information obtained during the inspection which is designated to be a trade secret as defined by 18 U.S.C. § 1905, except that such information may be disclosed to other officers or employees concerned with carrying out the Act or when relevant in any proceeding under the Act.

A return shall be made to this Court showing that the inspection has been completed. The inspection authorized herein shall be initiated within ___7___ days, and a return shall be made to the Court within fourteen days following completion of the inspection.

DATED: 3/23/15

F. A. Gossett III
United States Magistrate Judge

## RETURN OF SERVICE

I hereby certify that a copy of the within warrant was duly served on

_____, to the company named herein:

_____

_____

_____

## RETURN

I declare under penalty of perjury that the inspection of the workplace described in this warrant was made on _____.

Date:_____       By: _____
                                         Philip Pisasale
                                         Compliance Officer
                                         Occupational Safety and Health Administration
                                         United States Department of Labor

4